1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

THOMAS HAWKESWORTH,                1:09-cv-00693 AWI GSA HC

10                    Petitioner,       FINDINGS AND RECOMMENDATION
                                        REGARDING PETITION FOR WRIT OF
11        v.                            HABEAS CORPUS

12

MICHAEL BENOV, Warden,

13
                    Respondent.
14    _____/

15

16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  Respondent, Michael Benov,[1] is represented in this action by the
17
United States Attorney.
18
          Petitioner is currently serving a 57-month sentence for wire fraud in violation of 18
19
U.S.C. § 1343, knowingly engaging in a monetary transaction in criminally derived property of a
20
value greater than $10,000 in violation of 18 U.S.C. § 1957, and aiding and abetting in violation
21
of 18 U.S.C. § 2(a).  His projected release date is October 15, 2010.
22
          On April 20, 2009, Petitioner filed the instant petition for writ of habeas corpus.  He
23
complains that the Bureau of Prisons (BOP) has failed to transfer him to a Community
24
Corrections Center (CCC) in violation of his due process rights.  He claims the BOP improperly
25
made its determination based on the amount of time left in Petitioner's sentence.
26

27
          [1]Neil Adler is no longer the Warden at Taft Correctional Institution.  The current warden is Michael Benov.
28   Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court hereby substitutes Michael Benov as
     Respondent.

1

1    On July 8, 2010, Respondent filed an answer to the petition.  Respondent contends the

2  case is now moot because Petitioner has been evaluated and confirmed for placement and

3  transfer to a CCC.  Petitioner has not filed a traverse.

4                                        **DISCUSSION**

5    The case or controversy requirement of Article III of the Federal Constitution deprives the

6  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70

7  (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A

8  case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally

9  cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal

10  Court is "without power to decide questions that cannot affect the rights of the litigants before

11  them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co.

12  v. Hayworth, 300 U.S. 227, 240-241 (1937).

13    The instant petition is moot because Petitioner has been granted the relief he seeks, to wit,

14  transfer to a CCC.  On June 23, 2010, Petitioner was evaluated in accordance with 18 U.S.C.

15  § 3624(c) as amended by the Second Chance Act of 2007, Pub. L. No. 110-199.  Petitioner was

16  confirmed for placement in a CCC in Las Vegas, Nevada, and he is scheduled for transfer on

17  September 14, 2010.  (See Resp't's Answer Attach. 4.)  Petitioner has received consideration for

18  placement and has been granted that placement.  The case is moot and should be dismissed.

19                                     **RECOMMENDATION**

20    Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas

21  corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED

22  to enter judgment for Respondent.

23    This Findings and Recommendation is submitted to the assigned District Judge, pursuant

24  to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after date of service of the

25  Findings and Recommendation, any party may file written objections with the Court and serve a

26  copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

27  Findings and Recommendation."  Any reply to the objections shall be served and filed within

28  fourteen days after date of service of the objections.  The parties are advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4        IT IS SO ORDERED.

5     **Dated:    September 1, 2010**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28